# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0090-22

D.C.,

    Plaintiff-Appellant,

v.

W.C.,

    Defendant-Respondent.

_____

Submitted October 16, 2023 – Decided October 21, 2024

Before Judges DeAlmeida and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-1441-18.

D.C., appellant pro se.

W.C., respondent pro se.

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Plaintiff D.C.[1] appeals from the July 29, 2022 order of the Family Part: (1) granting in part and denying in part her motion to enforce two prior orders concerning child support; and (2) denying her motion for reconsideration of an April 4, 2022 order reducing defendant W.C.'s child support arrears to judgment and relieving the Burlington County Probation Department (Probation) from its monitoring and collection obligations in this matter. We affirm in part, reverse in part, and remand.

I.

The parties were married in 2010 and have two children. On March 14, 2019, the court entered a final restraining order (FRO) against W.C. pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. On June 18, 2019, the court entered a final judgment of divorce terminating the parties' marriage.

Pursuant to an August 9, 2019 post-judgment order, W.C. is obligated to pay D.C. $94 per week in child support retroactive to June 18, 2019. The court ordered W.C.'s child support obligation to be collected via wage execution through Probation.

---

[1] We identify the parties by initials to protect the identity of the victim of domestic violence. R. 1:38-3(d)(9).

A-0090-22

D.C. subsequently filed a motion to enforce litigant's rights concerning the August 9, 2019 order. At the time, W.C. was $9,433 in arrears on his child support obligation, having made only one payment.

On November 22, 2019, the court entered an order granting the motion. In addition to his existing child support obligation, the court ordered W.C. to pay $45 per week toward his child support arrears.

On September 24, 2021, Probation verified that W.C. was receiving Supplemental Security Income (SSI) benefits, a means-tested federal disability program administered by the Social Security Administration. See 42 U.S.C.A. §§ 1381-1385; 20 C.F.R. § 416.501. On October 21, 2021, Probation requested a hearing to determine if W.C.'s child support obligation should be terminated in light of his receipt of SSI benefits. In addition, Probation requested that if W.C.'s child support obligation is terminated, that his arrears be reduced to a judgment, and Probation relieved of its monitoring and collection obligations with respect to this matter. Later submissions established W.C.'s arrears at $1,963.44 in favor of the Burlington County Board of Social Services (BCBSS) and $21,014.43 in favor of D.C. BCBSS later requested that the amount W.C. owed it also be reduced to judgment.

D.C. opposed the application, arguing the court and Probation can force W.C. to permit garnishment of his SSI benefits to satisfy his child support obligations.

On April 4, 2022, the court entered an order: (1) granting Probation's application to terminate its monitoring and collection obligations with respect to this matter; (2) converting W.C.'s child support and arrears obligations to direct payments to D.C.; and (3) entering judgment against W.C. and in favor of D.C. in the amount of $21,014.43 and BCBSS in the amount of $1,953.44.

D.C. moved for reconsideration of the April 4, 2022 order and for an order enforcing the August 9, 2019 and November 22, 2019 orders. She argued that 42 U.S.C.A. § 407 permits "courts to withhold, levy and/or garnish [W.C.'s] SSI" to satisfy his child support obligation "until he pays on his own recognizance . . . ."

On July 29, 2022, the court entered an order granting in part and denying in part D.C.'s motion to enforce the August 9, 2019 and November 22, 2019 orders. The court denied D.C.'s motion to garnish W.C.'s SSI benefits and reiterated the terms of the April 4, 2022 order reducing W.C.'s arrears to judgment and relieving Probation from its monitoring and collection

obligations. The court also denied D.C.'s motion for reconsideration of the April 4, 2022 order. In a written opinion accompanying the order, the court explained:

> [D.C.'s] arguments are without merit. The Appellate Division in <u>Burns v. Edwards</u>, 367 N.J. Super. 29, 39 (App. Div. 2004)[,] held, "[b]enefits received through the SSI program are exempt from attachment, garnishment, levy, execution or any other legal process. 42 U.S.C.A. § 407(a); 20 C.F.R. § 581.104. Specifically, SSI cannot be garnished or attached for child support or alimony. 42 U.S.C.A. § 659(a)." <u>See also</u>, Pressler, Current N.J. Court Rules, Appendix IX-B to Rule 5:6A, "Use [o]f The Child Support Guidelines," "Types of Income Excluded from Gross Income" (2004) (excluding mean-tested income, including SSI benefits, from the definition of "gross income").

A July 29, 2022 order memorialized the court's decision.

This appeal followed. D.C. argues the court: (1) terminated W.C.'s child support obligation without cause; (2) erred when it concluded that W.C.'s SSI benefits could not be garnished to satisfy his child support obligation; and (3) did not take into account that the FRO prevents W.C. from making direct payments to D.C.

II.

Our review of Family Part orders is limited. <u>Cesare v. Cesare</u>, 154 N.J. 394, 413 (1998). Given the Family Part's "special jurisdiction and expertise in family matters," substantial deference is owed to the Family Part's factual

5

findings so long as they are supported by "adequate, substantial, [and] credible evidence." Id. at 411-13. "[W]e do not overturn those determinations unless the court abused its discretion, failed to consider controlling legal principles, or made findings inconsistent with or unsupported by competent evidence." Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004). The court's legal conclusions are reviewed de novo. See Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

With respect to the denial of D.C.'s motion for reconsideration, Rule 4:49-2 provides:

> Except as otherwise provided by R. 1:13-1 (clerical errors), a motion for rehearing or reconsideration seeking to alter or amend a judgment or final order shall . . . state with specificity the basis on which it is made, including a statement of the matters or controlling decisions that counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or final order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (alteration in original) (quoting Guido v. Duane Morris, LLP, 202 N.J. 79, 87 (2010)); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2 on the

A-0090-22

grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence," or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application . . . ." Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). The moving party must "initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401.

We begin with D.C.'s argument that the court terminated W.C.'s child support obligation without cause. As we understand the April 4, 2022 order, the court did not terminate W.C.'s child support obligation. Instead, the court concluded that a federal statute, 42 U.S.C.A. § 407(a), prohibits Probation from garnishing W.C.'s SSI income. Thus, the court ordered W.C.'s outstanding child support arrears to be reduced to a judgment in favor of D.C. and relieved Probation of its monitoring and collection obligations in this matter. The court ordered that W.C.'s weekly child support payment obligation, as well as his weekly payment toward child support arrears, be converted to direct payments

7

to D.C.  Thus, those obligations remain in place.  Probation, however, cannot collect those payments through garnishment of W.C.'s SSI benefits.

The court's conclusion that garnishment of W.C.'s SSI income is barred by federal law is well supported.  As we explained in Burns:

> Unlike [Social Security Disability (SSD)] payments, SSI benefits are not a substitute for lost income due to disability; rather, they are a supplement to the recipient's income.  The purpose of SSI benefits is to assure that the income of a recipient is maintained at a level viewed by Congress as the minimum necessary for subsistence.
>
> [367 N.J. Super. at 37 (citing Schweiker v. Wilson, 450 U.S. 221, 223 (1981)).]

While federal statutes permit the garnishment of SSD benefits in certain circumstances, the same is not true for SSI benefits.  W.C.'s past delinquencies in meeting his child support obligations and his present ability to earn income cannot, as D.C. argues, overcome the federal statutory ban on garnishing his SSI benefits.

We, therefore, affirm the July 29, 2022 order to the extent that it denies reconsideration of the provisions of the April 4, 2022 order prohibiting Probation from garnishing W.C.'s SSI benefits.

We are, however, persuaded by D.C.'s argument that the court failed to consider the FRO when it reduced W.C.'s arrears to judgment and relieved

8

Probation from its monitoring and collection obligations in this matter. "[U]nless otherwise provided for good cause shown in the support order, payment will be presumptively . . . supervised by the Probation Division." Pressler & Verniero, Current N.J. Court Rules, cmt. 1.4 on R. 5:7-4 (2025). Having relieved Probation of its responsibilities in this matter, the court ordered W.C. to make direct payments to D.C. The FRO, however, prohibits W.C. from contacting D.C. The resulting circumstances are untenable. In addition, while W.C.'s SSI income cannot be garnished, his other sources of income, should they arise, are not protected from garnishment by 42 U.S.C.A. § 407(a). It is not clear on this record that, apart from the concerns raised by the FRO, it would be in the children's best interest for Probation to be relieved of its monitoring and collections obligations, given that W.C. may in the future obtain sources of income that are eligible for garnishment.

We therefore reverse the July 29, 2022 order to the extent that it denied D.C.'s motion for reconsideration of the provisions of the April 4, 2022 order relieving Probation of its monitoring and collection obligations in this matter. We remand so that the court can determine in the first instance whether, in light of the FRO and the limited nature of the federal garnishment ban, Probation should resume its monitoring and collection obligations in this matter.

A-0090-22

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0090-22